UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRISTATE ROOFING INC, <br><br> Plaintiff, <br><br> v. <br><br> PROROOFING NW INC, <br><br> Defendant. | CASE NO. 2:20-cv-01516-RAJ-BAT <br><br> **ORDER DENYING MOTION FOR ATTORNEY FEES** |

Plaintiff Tristate Roofing Inc. ("Tristate") requests an award of attorney fees incurred in bringing a motion to compel a verification to interrogatory answers. Dkt. 35. The motion is denied.

## BACKGROUND

Tristate's motion involves Defendant ProRoofing NW, Inc.'s ("ProRoofing") answers to two sets of interrogatories – the first sent to ProRoofing on June 4, 2021 and the second on January 14, 2022. Dkt. 33-1, Declaration of John J. Bamert, counsel for Tristate, ¶¶ 2, 5, Exs. A and C (First and Second Sets); ¶¶ 3, 5, 6; Exs. B, D, and E (Answers and Supplemental Answers). ProRoofing's answers and supplemental answers were not verified by the person providing the answers. The following communications between counsel ensued:

February 15, 2022 at 4:15 PM, email from John Bamert to Cheryl Burgess:

"Does ProRoofing plan to provide a signature for its answers to Tristate's Second Set of Interrogatories? If so, by when?

ORDER DENYING MOTION FOR
ATTORNEY FEES - 1

February 22, 2022 at 1:27 PM, email from John Bamert to Cheryl Burgess:

We left you a voicemail on this topic in attempt to meet and confer because we have not received a response to our emails regarding ProRoofing's failure to provide a verification with its answers or supplemental answers to Tristate's interrogatories as required under Rule 33(b)(3). Given that we have attempted to meet and confer with you on this topic and that you are not responding to our emails or accepting or returning our telephone calls, we will be forced to file a motion to compel if we do not receive the verifications by end of day tomorrow, *Wednesday, March 23, 2022*.[1]

February 22, 2022 at 4:50 PM, email from Cheryl Burgess to John Bamert:

Your February 15 email below does not reference failure to provide a verification or request a meet and confer on that topic. My office phone indicates that you attempted to call me today at 1:20 PM, seven minutes before you sent the below email. I do not agree that your email or unscheduled phone call constitute attempts to meet and confer. I am available to meet and confer tomorrow between 9-10 AM or 2-5 PM. Let me know if either of those times work for you. I would also like to discuss the materials that we will seek to file under seal at the meet and confer.

February 22, 2022, 8:41 PM, email from John Bamert to Cheryl Burgess:

Please call me at 4:45 pm.

Dkt. 33-1, Bamert Decl., Ex. F.

Ms. Burgess telephoned Mr. Bamert at 4:45 PM on February 23, 2022. She told Mr. Bamert that ProRoofing intended to provide signed verifications for all interrogatory responses nearer to the close of fact discovery in March due to the potential that additional supplemental responses would be made. Dkt. 45, Declaration of Cheryl Burgess, ¶ 2. Mr. Bamert insisted that ProRoofing must provide its signed verifications no later than 12:00 PM on February 24, 2022, which was contrary to the "March 23, 2022" date in his email – a date nearer to the close of fact discovery and the date Ms. Burgess had in mind before their telephone call. When Mr. Bamert

---

[1] The date of March 23rd is obviously a typographical error as it is preceded with the phrase "by end of day tomorrow", which would have been Wednesday, February 23, 2022.

ORDER DENYING MOTION FOR
ATTORNEY FEES - 2

stated that February 24, 2022 was the last day to file a motion to compel, Ms. Burgess then understood that the date in his email was a typographical error. *Id.*, Burgess Decl., ¶ 3. *See* Dkt. 23 (Court's Pretrial Schedule Order setting March 11, 2022 as the deadline for noting of all motions related to discovery and March 21, 2022 as the deadline for fact discovery. Dkt. 23.

Ms. Burgess stated she would work with ProRoofing to provide the verifications the next day and although she could not guarantee that she could obtain them prior to 12:00 PM, Tristate's contemplated motion to compel would not be necessary. *Id.*, ¶ 4.

Mr. Bamert states that he agreed to a deadline of noon on February 24, 2022. Dkt. 33-1, Bamert Decl., ¶ 10. When he did not receive the verifications by noon (with no explanation), he filed the motion to compel one-half hour later. Dkt. 33.

At 3:00 PM on February 24, 2022, Defendant ProRoofing submitted its "Verification of Interrogatory Responses." Dkt. 33-1, Bamert Decl., Exs. B and C. The Verification is signed by Leslie Phan, who declared that the responses "were gathered from a variety of sources and are not based entirely upon my person knowledge; however, the responses in those documents are true and correct to the best of my knowledge, information, and belief." *Id.*, Ex. B. Ms. Phan signed her declaration under penalty of perjury. *Id.*

On February 25, 2022, Tristate withdrew the motion to compel, stating that it was moot because ProRoofing produced the requested verification. Dkt. 34. Tristate now seeks an award of the attorney fees incurred in filing the motion to compel.

## DISCUSSION

If a motion to compel is granted – or if the disclosure or requested discovery is provided after the motion was filed – the prevailing party is entitled to an award of "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the

ORDER DENYING MOTION FOR
ATTORNEY FEES - 3

court must not order this payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed R. Civ. P. 37(a)(5)(A)(i), (ii), (iii).

Based on the facts presented, the Court finds that an order for attorney's fees should not be made because TriState filed its motion to compel before attempting in good faith to obtain the discovery without judicial intervention. The parties first conferred (as required by LCR 37(a)(2)) on February 23, 2022, and despite assurances by Ms. Burgess that the verification would be filed the next day (although most likely not by the noon deadline set by Mr. Bamert), Mr. Bamert filed the motion to compel anyway. The verification was submitted two and one-half hours later and TriState withdrew its motion to compel because it was moot. In short, there never was a discovery dispute requiring this Court's intervention and TriState needlessly filed the motion to compel on an undisputed issue.

Accordingly, it is **ORDERED** that Tristate's Motion for Attorney Fees in Making Motion to Compel (Dkt. 35) is **DENIED**.

Dated this 5th day of April, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge