UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRISTATE ROOFING INC,<br><br>              Plaintiff,<br><br>   v.<br><br>PROROOFING NW INC,<br><br>             Defendant. | CASE NO. 2:20-cv-01516-RAJ-BAT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

Plaintiff Tristate Roofing Inc. ("Tristate") seeks the imposition of sanctions against Defendant ProRoofing NW Inc. pursuant to 11 U.S.C. § 105(a) or Fed. R. Civ. P. 30(d)(2) in 'an amount to be determined by a future accounting" due to Defendant's failure to appear at a deposition noted for March 17, 2022. Dkt. 47. Having considered the motion, Defendant's opposition, Plaintiff's reply, the parties' declarations, and balance of the record, the Court denies the motion.

BACKGROUND

Plaintiff served a Rule 30(b)(6) deposition notice on ProRoofing on March 7, 2022, ten days before the noticed date of March 17, 2022. Dkt. 48, Declaration of John J. Bamert, ¶ 8. Ex. F. According to Mr. Bamert, Defendant ProRoofing waited until the day before the deposition to object to the timing, admitted that it refused to make itself available "as a hostage play to force Plaintiff to grant extensions" "to compensate for ProRoofing's lack of diligence in discovery," and "again held its witness hostage and refused to make itself available" until after Plaintiff's

ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS - 1

deadline to oppose ProRoofing's motion for summary judgment. *Id.*, ¶ 10, 11, 14-15, Exs. H and I. Tristate further represents that ProRoofing's willingness to confirm another date for the deposition was made contingent on confirming a date for Tristate's deposition, and that ProRoofing's representative knew on March 8, 2022 that he was "inexplicably unavailable on March 17, 2022" but chose to withhold this fact from Tristate" before the end of fact discovery and Tristate's deadline to respond to ProRoofing's motion for summary judgment. Dkt. 66, pp. 4-5.

Tristate did not incur any fees or expenses related to the deposition as it was notified that the deposition would not occur prior to the noted date. Tristate's only requested relief are the fees incurred by its attorney in bringing this motion.[1]

The record reflects several communications between counsel for Tristate and ProRoofing, which the Court declines to restate in detail here. Of relevance to this motion, counsel exchanged numerous communications beginning on March 8, 2022, the day after the deposition notice was served. Although the parties ultimately did not agree to anything, counsel discussed settlement and revising deadlines, including discovery and summary judgment deadlines. Dkt. 62, Declaration of Cheryl Burgess, Ex. 1-27. On the morning of March 15, 2022, Tristate's counsel indicated that Tristate intended to proceed with the deposition as noticed. *Id.*, Ex. 26, p. 4. Counsel for ProRoofing emailed Tristate's counsel, stating in part:

> … You indicated during the call that you were not interested in moving forward with the deposition at this time in view of our mutual interest in seeking a schedule modification to permit the parties to focus on settlement. Therefore, we still need to meet and confer on the topics so that we can come to agreement on the scope and have time to adequately prepare ProRoofing on the topics. ProRoofing is not available for a deposition this week on such short notice of your

---

[1] Plaintiff also references written discovery which is not relevant to whether sanctions should be imposed for a party's failure to appear at a Rule 30(b)(6) deposition. The Court previously denied Tristate's motion to compel the verification of Defendant's discovery responses. Dkt. 63.

ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS - 2

> change in position. I also indicated that we were going to serve a 30(b)(6) notice to Tristate for a deposition on May 21st, but would be holding off on that given our discussion on settlement and schedule. If we are no longer in agreement on seeking a schedule modification from the Court, let's discuss how to proceed.

*Id.*, p. 5. On March 16, 2022, counsel for ProRoofing reiterated its unavailability that week, confirmed its willingness to continue to engage in settlement discussions, and to revise the schedule "as discussed last week to permit the parties to do so *prior* to Tristate responding to ProRoofing's summary judgment motion. Dkt. 62, Burgess Decl., Ex. 4, p. 2 (emphasis added).

Again, on March 17, 2022, counsel for ProRoofing indicated a willingness to re-notice the summary judgment motion to allow the parties to continue settlement discussions and for Tristate to depose Mr. Silva prior to Tristate's deadline to respond to the summary judgment motion. Dkt. 62, Burgess Decl., Ex. 5, p. 3. Counsel for ProRoofing responded that it would oppose the pending motion for summary judgment as originally noted and would "seek sanctions under at least Fed. R. Civ. P. 30(d)(2) due to ProRoofing's failure to attend the deposition today and refusal to make itself available before the opposition deadline." *Id.*, p. 2.

## DISCUSSION

Rule 30(d)(2) provides for sanctions against one who "impedes, delays or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Rule 30(d)(2) sanctions do not require a finding of bad faith. *Robinson v. Chefs' Warehouse*, No. 315CV05421RSKAW, 2017 WL 1064981, at *2 (N.D. Cal. Mar. 21, 2017). Further, a court must award fees and costs caused by a party's failure to appear for deposition, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(1)(A)(i); 37(d)(3) (outlining sanctions stemming from a party's failure to attend its own deposition).

Based on the facts presented, the Court finds that sanctions are not warranted. Tristate was advised before the deposition was to occur that ProRoofing's representative was not

ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS - 3

available. Tristate also knew that ProRoofing was willing to change the noting date on its motion for summary judgment to allow for a rescheduled Rule 30(b)(6) deposition. Although Tristate's counsel believes that these were delaying tactics, Tristate was not constrained from independently requesting the Court to extend the summary judgment motion pending the deposition of ProRoofing's principal. Tristate made no such request. Instead, Tristate chose to oppose the motion for summary judgment as originally noted and seek sanctions for ProRoofing's "failure to attend the deposition today and refusal to make itself available before the opposition deadline."

There is no evidence that ProRoofing impeded, delayed, or frustrated the fair examination of its representative. Thus, it is **ORDERED** that Tristate's Motion for Sanctions (Dkt. 47) is **DENIED**.

Dated this 2nd day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge