UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRISTATE ROOFING INC,

        Plaintiff,

v.

PROROOFING NW INC,

        Defendant.

CASE NO. 2:20-cv-01516-RAJ-BAT

**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL AND DENYING PLAINTIFF'S MOTION TO STRIKE**

On May 2, 2022, the Court denied Plaintiff Tristate Roofing Inc. ("Tristate")'s motion for sanctions against Defendant ProRoofing NW Inc. Dkt. 72. Embedded in Plaintiff's reply, is a motion to strike and seal references to settlement negotiations contained in the parties' filings. Dkt. 66. Specifically, Plaintiff asks the Court to strike various portions of ProRoofing's opposition brief (Dkt. 60), the Declaration of Cheryl Burgess and attached Exhibits 8-27 (Dkt. 62). Dkt. 66. Tristate also asks the Court to seal ProRoofing's opposition brief, Ms. Burgess' Declaration, and Exhibits 8-27. Finally, Tristate asks that the Court order ProRoofing to file unsealed copies of the same material, redacting references to settlement negotiations and exhibits. *Id.* Defendant ProRoofing NW Inc. ("ProRoofing") provided a sur-reply pursuant to the Court's May 16, 2022 Order (Dkt. 74). Dkt. 75.

In its opposition to Tristate's Motion for Sanctions on April 4, 2022, ProRoofing included a discussion Tristate's discovery and settlement conduct. Dkt. 60. According to counsel for ProRoofing, Tristate wrote to ProRoofing on April 6, 2022 to formally designate the parties'

settlement communications as confidential under 5.3 of the Protective Order and asked if ProRoofing would consent to a motion to seal the settlement communications. Dkt. 75. ProRoofing confirmed it had no objection to sealing the parties' settlement communications.

In Tristate's Reply in Support of its Motion for Sanctions, Tristate requested that the Court both strike and seal the portions of ProRoofing's opposition directed to the parties' settlement communications. Dkt. 66. The Court finds that Tristate's course of conduct during settlement was relevant to the circumstances surrounding TriState's sanctions motion, and so was not redundant or immaterial. Moreover, the settlement communications did not contain any impertinent or scandalous matter.

Accordingly, it is **ORDERED** that Tristate's motion to strike is **DENIED**; Tristate's motion to seal is **GRANTED**; the Clerk shall seal ProRoofing's opposition brief (Dkt. 60); the Declaration of Cheryl Burgess (Dkt. 62); and (iii) Exhibits 8–27 to the Declaration of Ms. Burgess.

Dated this 25th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge